# In the United States Court of Federal Claims

| | |
|---|---|
| ZACK B. BROWN,<br><br>        *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        *Defendant*. | No. 22-418C<br>(Filed: July 19, 2022) |

*Zack B. Brown*, *pro se*, Southfield, MI.

*Daniel F. Roland*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

      Plaintiff Zack B. Brown brings his Complaint *pro se*, alleging that he "was unjustly convicted of an offense against the United States and imprisoned for 12 years," and that his sentencing judge discriminated against him by referring to him with a racial slur. Compl. at 1–2, Docket No. 1. He also accuses several federal officials of committing criminal and tortious misconduct. *Id.* The Government moves to dismiss pursuant to Rule 12(b)(1) or, in the alternative, 12(b)(6) of the Rules of the U.S. Court of Federal Claims ("RCFC"), because Plaintiff does not allege that he was actually innocent of the underlying offenses or provide the necessary documentation of innocence required by statute to sustain such a claim. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, Docket No. 9. For the following reasons, the Government's Motion is **GRANTED**, and the Complaint must be **DISMISSED**.

**I.    Background**

      The following facts are based on the allegations in Plaintiff's Complaint, which the Court accepts as true solely for the purpose of ruling on the Government's pending Motion to Dismiss. *See, e.g.*, *Bioparques de Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336, 1343 (Fed. Cir. 2022); *Celgene Corp. v. Mylan Pharms., Inc.*, 17 F.4th 1111, 1128 (Fed. Cir. 2021). The Court also considers filings in Plaintiff's prior lawsuits to determine whether it has jurisdiction to adjudicate the instant case. *See Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991) (explaining that the court may "inquire into jurisdictional facts that are disputed" when ruling on a motion to dismiss under RCFC 12(b)(1)).

In October 2007, Mr. Brown was convicted of conspiracy, mail fraud, and health-care fraud in the U.S. District Court for the Eastern District of Michigan and sentenced to sixteen years and eight months of imprisonment and three years of supervised release. Pl.'s Ex. at 31, Docket No. 1-1. He appealed to the U.S. Court of Appeals for the Sixth Circuit, which affirmed his conviction. *See id.* at 60, 71.

After his appeal was denied, Mr. Brown filed a motion to vacate his sentence, a judicial misconduct complaint concerning the district judge, a motion for leave to file a second or successive motion to vacate or modify his sentence, and a motion for summary judgment. *Id.* at 7–15 (motion for relief from judgment), 16–22 (motion to amend motion for relief from judgment), 23–26 (complaint of judicial misconduct), 41–51 (reply in support of motion for relief), 57–68 (motion for leave to file second or successive motion to vacate, set aside, or correct sentence), 78–82 (reply in support of motion for leave to file), 96–103 (second amendment to motion for relief), 104–09 (motion for expedited release); Def.'s Ex. 2, Docket No. 9-2 (motion for summary judgment). In his filings, Mr. Brown claimed that prosecutors lied to obtain a conviction and the district judge berated him, "call[ing] [him] the 'n' word in open court." Compl. at 1–2; *see* Pl.'s Ex. at 1–6, 23–26, 44, 47–48, 51, 61–63, 66–68, 78–82, 89–93, 106–07. Each motion was dismissed. *Id.* at 83–85 (order dismissing judicial misconduct complaint), 86–88 (order denying leave to file second or successive motion), 89–93 (petition for review of order dismissing judicial misconduct complaint), 94–95 (order denying review of dismissal); Def.'s Ex. 3, Docket No. 9-3 (order denying motion for summary judgment).

On April 6, 2022, Plaintiff filed the present Complaint; a motion for leave to proceed *in forma pauperis* followed on April 21, 2022. *See* Compl.; Mot. for Leave to Proceed *in forma pauperis*, Docket No. 7. In his Complaint, Plaintiff repeats the claims that his conviction and imprisonment were unjust and that the district judge who sentenced him used discriminatory language, including a racial slur. Compl. at 1–2. Plaintiff also adds allegations against several prosecutors, judges, and a federal public defender for what he claims was criminal misconduct leading to his conviction, and believes he is entitled to damages under the Crime Victims' Rights Act, 18 U.S.C. § 3771. Pl.'s Ex. at 110. He also claims that these same individuals committed various torts, including false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* at 110–19.

On June 13, 2022, the Government filed a Motion to Dismiss pursuant to RCFC 12(b)(1), on the ground that this Court lacks subject matter jurisdiction to hear Plaintiff's claim. Def.'s Mot. at 5–7. In the alternative, it moves to dismiss pursuant to RCFC 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted. *Id.* at 8. Plaintiff did not file a response to Defendant's Motion.

## II.     Jurisdiction and Standards of Review

The Tucker Act provides this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the statute waives sovereign immunity, it does not create a substantive cause of action; "the plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to

2

recovery of money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citation omitted). This Court also "ha[s] jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.

A court considering a motion to dismiss must accept all well-pled facts as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (collecting cases); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). When jurisdictional facts are challenged, such as under RCFC 12(b)(1), the plaintiff must demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). Although courts must liberally construe *pro se* plaintiffs' filings, plaintiffs still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Under RCFC 12(b)(6), denial of a motion to dismiss for failure to state a claim is warranted when the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss under RCFC 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *E.g.*, *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

### III.     Discussion

#### A.     Wrongful Conviction and Imprisonment

Plaintiff's primary contention is that he is entitled to money damages for wrongful conviction and imprisonment. Compl. at 1. While this Court has jurisdiction to hear such claims pursuant to 28 U.S.C. § 1495, the bar is high: A plaintiff must prove that their conviction has been reversed or set aside on the grounds that they are not guilty, they were found not guilty on rehearing or retrial, or they were pardoned upon the stated ground of innocence and unjust conviction. 28 U.S.C. § 2513(a)(1). Further, the plaintiff needs to show that they are actually innocent of the charged crime and that they "did not by misconduct or neglect cause or bring about [their] own prosecution." *Id.* § 2513(a)(2). And finally, the plaintiff must provide "[p]roof of the requisite facts . . . by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." *Id.* § 2513(b). Here, none of these jurisdictional requirements are met.

As the Government observes in its Motion to Dismiss, Plaintiff "has not provided a certificate of innocence or pardon pursuant to 28 U.S.C. § 2513" or any document that "purport[s] to be a certificate of innocence or pardon, much less contain the necessary recitals of § 2513." Def.'s Mot. at 7. Nor does he "even allege the key facts regarding his conviction required by § 2513(a)(1)," namely, "that his conviction has been reversed or vacated on grounds that he was not guilty" or "that he has been pardoned" for any offenses of which he was

convicted. *Id.* Indeed, Plaintiff does not allege that he satisfies any of the conditions required under Section 2513.

Plaintiff's failure to meet the Section 2513 requirements deprives this Court of jurisdiction over his claim. Sections 1495 and 2513 "must be read together, since the one refers to the other," and "together . . . the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with." *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (per curiam); *see also, e.g.*, *Moore v. United States*, 230 Ct. Cl. 819, 820 (1982) (holding that "28 U.S.C. § 2513 . . . is jurisdictional and therefore must be strictly construed"); *Kenyon v. United States*, 683 F. App'x 945, 948 (Fed. Cir. 2017) (holding that "the Claims Court . . . lacked jurisdiction over [the plaintiff's] wrongful imprisonment claims" because he had not met the "28 U.S.C. § 2513 require[ments of] a person suing under 28 U.S.C. § 1495"); *Francis v. United States*, No. 22-1188, 2022 WL 1655689, at *1 (Fed. Cir. Jan. 26, 2022) (holding that the plaintiff "could not invoke the court's jurisdiction to award money damages for wrongful convictions under 28 U.S.C. § 1495 without having alleged that her conviction had been reversed or that she had been pardoned" (citing 28 U.S.C. § 2513)).

In some nonprecedential cases, the Federal Circuit and the Court of Federal Claims have dismissed claims that did not meet Section 2513's requirements for failure to state a claim, rather than for lack of subject matter jurisdiction. *See, e.g.*, *Nyabwa v. United States*, 696 F. App'x 493, 494–95 (Fed. Cir. 2017) (holding that "the Claims Court erred in dismissing [the plaintiff's] complaint for lack of jurisdiction," and that, "[i]nstead, the dismissal of [the plaintiff's] complaint is better framed as one predicated on his failure to state a claim"); *Winters v. United States*, 140 Fed. Cl. 585, 588 (2018); *Bobka v. United States*, 133 Fed. Cl. 405, 410 (2017); *cf. Bolduc v. United States*, 248 F. App'x 162, (stating that to establish a prima facie case for wrongful imprisonment, a plaintiff need only allege the information required by 28 U.S.C. § 2513).

These cases typically rely on *Fisher v. United States*, a military disability pay case in which the Federal Circuit held that where a plaintiff's claim rests on a money-mandating source of law, "the court shall declare that it has jurisdiction over the cause, and shall then proceed with the case in the normal course." 402 F.3d 1167, 1173 (Fed. Cir. 2005) (en banc). They reason that Section 1495 is a money-mandating statute and that a plaintiff satisfies *Fisher*'s jurisdictional bar by invoking it. *See, e.g.*, *Sykes v. United States*, 105 Fed. Cl. 231, 234 (2012) ("*Fisher,* however, instructs that this court acquires subject matter jurisdiction 'as a result of the initial determination that plaintiff's cause rests on a money-mandating source.'" (quoting *Fisher*, 402 F.3d at 1175)); *Winters*, 140 Fed. Cl. at 588–89 (referring to a Section 1495 claim as "a Tucker Act claim" because Section 1495 is "a money-mandating statute"). However, *Fisher* concerned the subject matter jurisdiction of the Court of Federal Claims pursuant to 28 U.S.C. § 1491, not Section 1495. *See id.* at 1172 & n.4 (explaining that "[t]here are the (Big) Tucker Act, 28 U.S.C. § 1491; the Little Tucker Act, 28 U.S.C. § 1346(a)(2); and the Indian Tucker Act, 28 U.S.C. § 1505," and that "it is the Big Tucker Act with which we are here concerned").

While the Federal Circuit could decide that Section 1495 operates in the same manner as Section 1491, it is not clear whether the court intended to do so in *Fisher*, especially given the express limitation that "it is the Big Tucker Act with which we are here concerned." *Fisher*, 402 F.3d at 1172. Unlike *Fisher*, *Grayson* concerned the exact question of whether Sections 1495

4

and 2513 together are jurisdictional and decided that they are. *Grayson*, 141 Ct. Cl. at 869. Accordingly, this Court determines that *Fisher*'s applicability to Section 1495 cases is too uncertain for it to displace *Grayson*'s clear holding. Therefore, "[b]ecause *Grayson* remains binding precedent addressing the precise issue at hand," this Court lacks jurisdiction over Plaintiff's claim. *Faircloth v. United States*, No. 21-958C, 2022 WL 908953, *4 (Fed. Cl. Mar. 29, 2022).

While the Court concludes that Mr. Brown's Complaint fails under RCFC 12(b)(1), it also warrants dismissal under RCFC 12(b)(6) for the same defects. *Id.* at *5 n.2 (dismissing a similar claim under RCFC 12(b)(1) but adding that, "assuming the question . . . were not jurisdictional, Plaintiff's Complaint would nonetheless be subject to dismissal under RCFC 12(b)(6)" because "[u]nder either analysis, Plaintiff's failure to provide a certificate of innocence satisfying § 2513 is dispositive"); *Francis v. United States*, 155 Fed. Cl. 78, 82 n.4 (2021), *aff'd*, No. 22-1188, 2022 WL 1655689, at *1 (Fed. Cir. Jan. 26, 2022) (dismissing a similar claim under RCFC 12(b)(1) but adding that "dismissal of [the plaintiff's] wrongful conviction claim would also be appropriate under RCFC 12(b)(6) . . . because she has not alleged the existence of a reversed conviction or a pardon."). On either ground, Plaintiff "has neither alleged nor complied with the requirements of [28 U.S.C. § 2513] and cannot prevail" on this claim. *Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972). Accordingly, it must be dismissed.

### B.     Alternative Legal Theories

In the exhibit to his Complaint, Plaintiff asserts a right to damages under the Crime Victims' Rights Act, 18 U.S.C. § 3771(e)(2)(A) (which he calls the "Crime victim Restitution Act"). Pl.'s Ex. at 110. However, "the Court of Federal Claims . . . does not have jurisdiction to address" claims under that statute because it "does not create a cause of action against the United States for money damages" and because the Act directs such cases to the district courts. *Duncan v. United States*, 446 F. App'x 303, 305 (Fed. Cir. 2011); 18 U.S.C. § 3771(d)(3) ("The rights described in [the Crime Victims' Rights Act] shall be asserted in the *district court* in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the *district court* in the district in which the crime occurred." (emphasis added)).

Plaintiff accuses several individuals of committing tortious and criminal misconduct, *see* Pl.'s Ex. at 110–19, but this Court also lacks subject matter jurisdiction over these claims, 28 U.S.C. § 1491(a)(1); *Fla. Rock Indus., Inc. v. United States*, 791 F.2d 893, 898 (Fed. Cir. 1986). He raises claims for intentional and negligent torts, but this Court's jurisdiction under the Tucker Act is expressly limited to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1). This is true even if the alleged tortfeasor is an agent of the United States. *Fla. Rock Indus., Inc.*, 791 F.2d at 898 (stating that a "Tucker Act suit in the Claims Court is not . . . available to recover damages for unauthorized acts of government officials"); *see also Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994) (affirming dismissal by the Court of Federal Claims, due to lack of subject-matter jurisdiction, of a complaint that alleged tort and criminal violations by judicial officials because the dismissal was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exist[ed]"); *Sindram v. United States*, 67 Fed. Cl. 788, 792 (2005) (noting that allegations of "wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction").

5

The Court similarly lacks jurisdiction to hear claims against federal officials, or other individuals, in their personal capacities. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims] . . . or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed." (citations omitted)); *see also Brown v. United States*, 105 F.3d 621, 624 (1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." (citing 28 U.S.C. § 1491(a)).

To the extent that Mr. Brown seeks to have this Court undo his unfavorable decisions in other courts, this Court lacks jurisdiction to do so. *Barth v. United States*, 76 F. App'x 944, 945–46 (Fed. Cir. 2003) (stating that "to scrutinize the actions of coordinate federal courts" is "beyond the Court of Federal Claims' jurisdiction"); *Joshua*, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts."). Plaintiff also alleges that court officials committed criminal offenses, but these are beyond the jurisdiction of this Court. *Spitters v. United States*, 710 F. App'x 896, 897 (Fed. Cir. 2018) ("The Court of Federal Claims . . . lacks jurisdiction to adjudicate claims brought under federal or state criminal statutes.").

Plaintiff's assertion that a district court judge demonstrated racial bias by using a racial slur during his sentencing could evince a violation of his civil rights. *See* Compl. at 2. But this Court lacks jurisdiction to hear such claims, because "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). Similarly, "the Fourteenth Amendment's Equal Protection Clause does not mandate the payment of money." *Id.*; *see also Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) (collecting cases). Thus, the Court lacks jurisdiction over this claim.

### IV.     Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims must be **DISMISSED**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** for the limited purpose of granting Defendant's Motion to Dismiss. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge